IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA MURRAY,<br><br>              Plaintiff,<br><br>    vs.<br><br>COLLECTIONS ACQUISITIONS, LLC,<br><br>              Defendant. | 8:11CV301<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on plaintiff's Motion for Attorneys' Fees and Costs, Filing No. 24. This is an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Andrea Murray ("Murray") submitted a Motion for Costs and Attorneys' Fees totaling $6,025.50. Filing No. 24. The defendant, Collections Acquisitions, LLC, doing business as Payliance ("Payliance"), argues that this amount is unreasonable. Filing No. 27.[1] The court grants Murray's Motion for Attorneys' Fees in part.

**FACTS**

Andrea Murray alleged that Payliance violated the FDCPA by harassing her via telephone. Murray accepted an Offer of Judgment, Filing No. 21, and the court entered judgment awarding Murray $1,000.00, plus reasonable costs and attorneys' fees. Filing No. 22. Murray submitted a motion for $5,623.00 in attorneys' fees and $402.50 in costs. Filing No. 24. This claim includes work done by five attorneys and three paralegals from Krohn & Moss in Chicago, Illinois. Filing No. 24-1, Plaintiff's Statement of Services, Page ID #73. Mike Agruss billed 5.4 hours at a rate of $215 per hour. *Id*.

---

[1] Payliance also submitted a Motion to Strike Plaintiff's Reply Brief, Filing No. 30, arguing that Murray's reply brief was filed two days late and should be stricken pursuant to NeCivR 17.1(c). This motion is denied.

Matthew Slodowy billed 9.6 hours at $170 per hour. *Id.* Consulting attorney Nick Bontrager billed 4.2 hours at $200 per hour. *Id.* Consulting attorney Adam Hill billed 4.6 hours at $200 per hour. *Id.* Consulting attorney Shireen Horzmodi billed 1.4 hours at $200 per hour. *Id.* The fee schedule also includes 7.9 hours of paralegal work billed at $100 per hour. *Id.* The costs include the $350.00 court filing fee and $52.50 in expenses. *Id.*

## STANDARD OF REVIEW

The FDCPA states that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of […] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. 1692. "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). However, "courts have discretion in calculating reasonable attorney's fees under this statute…."[2] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1621 (2010).

---

[2] The courts of appeals generally review a district court's calculation of an attorney fee award under § 1692k for abuse of discretion. *See*, e.g., *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628–629 (4th Cir. 1995); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). Many district courts apply a lodestar method, permitting downward adjustments in appropriate circumstances. *See*, e.g., *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852 (7th Cir. 2009) (relying on *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148–1151, and n.4 (9th Cir. 2001) (per curiam); *see generally* Hobbs, Fair Debt Collection § 6.8.6. In *Schlacher*, for instance, the court affirmed a downward adjustment for the "unnecessary use of multiple attorneys ... in a straightforward, short-lived [FDCPA] case." 574 F.3d at 854–855. In *Carroll*, the court found no abuse of discretion in a district court's award of a $500 attorney's fee, rather than the lodestar amount, where the lawsuit had recovered only $50 in damages for "at most a technical violation" of the FDCPA. 53 F.3d at 629–631.

Lower courts have taken different views about when, and whether, § 1692k requires an award of attorney's fees. *Compare Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) (award of fees to a successful plaintiff "mandatory"), and *Emanuel, supra*, at 808–809 (same, even where the plaintiff suffered no actual damages), with *Graziano*, 950 F.2d, at 114, and n.13 (attorney's fees may be denied for plaintiff's "bad faith conduct"), and *Johnson v. Eaton*, 80 F.3d 148, 150–152 (5th Cir. 1996) ("attorney's

Generally, the starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S. Ct. 1605, 1620, 176 L. Ed. 2d 519 (2010) (noting that district courts apply the lodestar to FDCPA cases). The court should also take into account the amount of the recovery and the results obtained by the lawsuit. *See Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999) (ERISA case, noting that these are "certainly relevant factors"). In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though it need not exhaustively address every factor. *Id.* Specifically, in an FDCPA action, a "district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Giovannoni v. Bidna & Keys*, 255 F. Appx. 124, 126 (9th Cir. 2007) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir.1992)).

**ANALYSIS**

The parties do not dispute that Murray is entitled to attorneys' fees and costs under the Offer of Judgment and under the FDCPA. The Offer of Judgment includes "reasonable attorneys' fees and Court costs, as determined by the Court." Filing No. 21, Page ID #55.

---

fees ... are only available [under § 1692k] where the plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages"; this reading "will deter suits brought only as a means of generating attorney's fees"). We need not resolve these issues today to express doubt that our reading of § 1692k(c) will impose unmanageable burdens on debt-collecting lawyers. *Jerman*, 130 S. Ct. at 1621, n.16.

A. *Hours Reasonably Expended*

The lodestar calculation is based on the hours reasonably expended on the case. "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work." *U & I Sanitation v. City of Columbus*, 112 F.Supp.2d 902, 904 (D. Neb. 2000).

Payliance argues that the 33.1 hours claimed by Murray's attorneys are excessive. Filing No. 27, Page ID #130. Payliance argues that the case was a straightforward FDCPA case, and Krohn & Moss files numerous such cases per year. *Id*. Payliance also argues that plaintiff's attorneys should not be compensated for time spent completing clerical tasks, totaling $1,142.50. *Id.* at 138-39. Payliance argues that Murray's fees should be cut across the board due to vagueness and block billing. *Id.* at 140-41.

In calculating attorneys' fees, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989). Payliance has identified multiple billed entries—including time spent filing through EM/ECF, preparing and reviewing documents, and calendaring dates—that it argues are clerical tasks. Filing No. 27, Page ID #138-39. The court agrees. Therefore, the hours billed by Agruss are reduced by 0.9 hours, amounting to $193.50; the hours billed by Slodowy are reduced by 0.6 hours, amounting to $102.00; the hours billed by Bontrager are reduced by 0.8 hours, amounting to $160.00; the hours billed by Hill are reduced by 2.6 hours, amounting to

4

$520.00; the hours billed by Horzmodi are not reduced; and the paralegal hours are reduced by 3.7 hours, amounting to $370.00.

Where more than one attorney represents a prevailing party, courts must consider the contribution of all attorneys. *A.J. v. Kierst,* 56 F.3d 849, 863-64 (8th Cir. 1995). However, "[a] court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." *Id.* at 864. Payliance argues that the number of attorneys on this case and the amount of hours expended are excessive due to the simplicity of the case and the law firm's experience with FDCPA cases. The court agrees. There were no hearings in this case, very little discovery, and the firm benefitted from experience in similar cases. Therefore, the court reduces the plaintiff's overall attorney and paralegal hours by 20%.

### B. Reasonableness of Hourly Rates

A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery* at 272 F.3d at 1048. "In order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino v. Friedman,* 46 F.3d 645, 652 (7th Cir. 1995). "The burden is on the moving party to provide evidence supporting the rate claimed." *Wheeler v. Missouri Highway & Transportation Com'n,* 348 F.3d 744, 754 (8th Cir. 2003). Additionally, the court "may rely on [it's] own experience and knowledge of prevailing market rates." *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005).

The court finds the hourly rates for the plaintiff's attorneys and paralegals are reasonable. Murray has submitted a 2007 Consumer Law Attorney Fee Survey Report[3] ("fee survey report") which shows that the hourly rate sought by Krohn & Moss is reasonable in this community. Filing No. 24-4, Page ID #113. Based on this fee survey report, and on the court's familiarity with fees in this community, the court finds the hourly rate is reasonable.

### C. Calculation of Attorneys' Fees

| Attorney | Hours[4] | Rate | Total |
|---|---|---|---|
| Mike Agruss | 4.5 | 215 | $967.50 |
| Matthew Slodowy | 9 | 170 | $1,530.00 |
| Nick Bontrager | 3.4 | 200 | $680.00 |
| Adam Hill | 2 | 200 | $400.00 |
| Shireen Horzmodi | 1.4 | 200 | $280.00 |
| Paralegal/Legal Assistant | 4.2 | 100 | $420.00 |
| | | Total Fees: | $4,277.50 |
| | | Reduced by 20%: | **$3,422.00** |

### D. Costs

Murray also requests reimbursement for $402.50 in costs, $350.00 for the court filing fee and $52.50 for the fee paid to the process server. Filing No. 24-1, Page ID #73, 77. Payliance does not dispute this amount. The court finds that Murray is entitled to reimbursement in the amount of $402.50.

---

[3] The current edition of this report, the 2011 Consumer Law Attorney Fee Survey Report, can be accessed at http://www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf.

[4] The hours calculated above concerning clerical tasks have already been subtracted from the number of hours reported by Murray's attorneys.

6

THEREFORE, IT IS ORDERED that plaintiff Andrea Murray's Motion for Costs and Attorneys' Fees, Filing No. 24, is granted in part as follows:

1. Plaintiff Murray is entitled to reimbursement of her costs in the total amount of $402.50.

2. Plaintiff Murray is entitled to attorneys' fees in the amount of $3,422.00.

3. Defendant's motion to strike, Filing No. 30, is denied.

Dated this 3rd day of July, 2012.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      United States District Judge